UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **DEBRA BUTNER**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**CHRISTIANA CARE HEALTH SYSTEM, INC.**,<br>a Delaware corporation,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:23-cv-087<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **DEBRA BUTNER** ("**BUTNER**" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

### CAUSES OF ACTION

1. This is an action brought under Title VII of the Civil Rights Act of 1964 (Title VII), and the Florida Civil Rights Act (FCRA) for (1) religious discrimination in violation of Title VII, and (2) retaliation in violation of Title VII.

### PARTIES

2. The Plaintiff, **DEBRA BUTNER** ("**BUTNER**") is an individual and a resident of Florida who at all material times was employed by the Defendant in Collier County, Florida.

1

3. Defendant, **CHRISTIANA CARE HEALTH SYSTEM, INC.** ("Defendant") is a Delaware corporation with a principal place of business located in the State of Delaware, but which employed **BUTNER** in Collier County, Florida.

4. At all material times, the Defendant employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over **BUTNER**'s state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked for the Defendant in Collier County, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division since Collier County is within the Fort Myers Division.

8. **BUTNER** timely filed her Charge of Discrimination against the Defendant with the U.S. Equal Employment Opportunity Commission (EEOC), and this action is timely filed as she received her Notice of Right to Sue from the EEOC on December 19, 2022. (*See* Exhibit 1 – EEOC Notice of Right to Sue).

## GENERAL ALLEGATIONS

9. **BUTNER** is a devout Christian whose sincerely-held religious beliefs preclude her from receiving the COVID-19 vaccinations.

10. **BUTNER** began her employment with the Defendant on or about June 17, 2021 and was employed as a virtual nurse case manager.

11. **BUTNER** always performed her assigned duties in a professional manner and was very well qualified for her position.

12. **BUTNER** always met and exceeded performance and productivity goals, and received very good to excellent performance reviews.

13. On July 29, 2021, the Defendant began the vaccine mandate for all employees.

14. **BUTNER** applied for a religious exemption, providing the Defendant with a notarized affidavit on August 18, 2021. This included providing responses to the Defendant's question as to what accommodations would be needed. **BUTNER** stated that there were no accommodations needed being that she worked only from home and had no direct physical contact with staff, patients or the community.

15. However, **BUTNER** was asked to provide more information with follow up questions.

16. On August 26, 2021, **BUTNER** spoke with Kristin Isaac, an intake person, who conducted an interview for the questions the Defendant had about **BUTNER**'s religious exemption.

17. **BUTNER** provided her entire Christian testimony while speaking with Ms. Isaac with the answers to the questions that she documented in relation to her sincerely held spiritual beliefs and practices.

18. However, on September 8, 2021, **BUTNER'**s request for religious accommodations was denied.

19. She was then terminated on September 19, 2021, for not receiving the Covid-19 vaccine (in contravention to her sincerely held religious beliefs).

20. At all material times, the Defendant was aware of **BUTNER**'s religion and requests for reasonable accommodations, which are the bases for its discriminatory employment practices toward her.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, RELIGIOUS DISCRIMINATION

21. Plaintiff incorporates by reference Paragraphs 1-20 of this Complaint as though fully set forth below.

22. By virtue of her religion, **BUTNER** is a member of a protected class.

23. At all material times, **BUTNER** was an employee and the Defendant was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

24. **BUTNER** was, and is, qualified for the positions that she held with the Defendant.

25. **BUTNER** has endured disparate treatment while employed with the Defendant, thereby altering the terms and conditions of her employment.

26. The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional discrimination on the basis of **BUTNER**'s religion in violation of Title VII.

27. As a direct and proximate result of the violations of Title VII, **BUTNER** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

28. As a direct and proximate result of the violations of Title VII, and as a direct and proximate result of the prohibited acts perpetrated against her, **BUTNER** is entitled to all relief necessary to make her whole as provided for under Title VII.

29. As a direct and proximate result of the Defendant's actions, **BUTNER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

30. **BUTNER** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964- RETALIATION

31. Plaintiff incorporates by reference Paragraphs 1-20 of this Complaint as though fully set forth below.

32. By virtue of her religion, **BUTNER** is a member of a protected class.

33. At all material times, **BUTNER** was an employee and the Defendant was her employer covered by and within the meaning of Title VII.

34.  **BUTNER** was qualified for the positions that she held with the Defendant.

35.  **BUTNER** requested reasonable accommodations due to her religion, and the Defendant clearly observed her growing discomfort concerning the same.

36.  **BUTNER**'s acts constitute a protected activity because she requested reasonable accommodations from the Defendant.

37.  Said protected activity was the proximate cause of the Defendant's negative employment actions against **BUTNER**.

38.  Instead of preventing said treatment, the Defendant retaliated against **BUTNER**.

39.  The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of Title VII.

40.  As a direct and proximate result of the violations of Title VII, as referenced and cited herein, **BUTNER** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

41.  As a direct and proximate result of the violations of Title VII, and as a direct and proximate result of the prohibited acts perpetrated against her, **BUTNER** is entitled to all relief necessary to make her whole as provided for under Title VII.

42. As a direct and proximate result of the Defendant's actions, **BUTNER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

43. **BUTNER** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: February 10, 2023  **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com